UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CHAU, et al.,<br><br>Defendants. | No. 2:18-cv-0094 WBS EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He filed his initial complaint on January 16, 2018. ECF No. 1. The court screened that complaint and determined that, based on plaintiff's Eighth Amendment medical deliberate indifference claims, service was appropriate for defendant Adlasghar Mohyuddin. ECF No. 9. The court recommended dismissal of plaintiff's claims against all other defendants. *Id.* Those recommendations were adopted on June 12, 2018. ECF No. 16.

On August 27, 2018, after defendant Mohyuddin filed an answer and the court had issued a discovery and scheduling order (ECF No. 21), plaintiff filed a motion to amend his complaint (ECF No. 22) together with a proposed amended complaint (ECF No. 23). Thereafter, he filed a request for subpoenas (ECF No. 24) and a motion to compel discovery responses (ECF Nos. 26 & 27). He also filed a motion for summary judgment (ECF No. 31) and a motion to "exceed the page length" (ECF No. 28). Plaintiff's motion to amend is granted, Fed. Rule Civ. P. 15(a), and the court will screen the amended complaint. Further, all deadlines in the discovery and

1

scheduling order are vacated. Plaintiff's request for subpoenas, his motions to compel, and the summary judgment motions are denied.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

/////

/////

II. Analysis

    A. Background

The amended complaint asserts claims only against defendant Mohyuddin. Plaintiff alleges that, in June of 2017, he was examined by physician assistant Diedre Bodenhamer for spinal and neurological damage and chronic pain associated therewith. ECF No. 23 at 3-4. At the end of the encounter, Bodenhamer allegedly suggested epidural steroidal injections ("ESI") as a potential treatment for plaintiff's chronic pain. *Id.* at 4. Plaintiff was amenable to this plan and Bodenhamer ordered an MRI of his spine to determine suitability of ESI. *Id.* at 4-5. After the MRI was completed, Bodenhamer referred plaintiff to an outside consultant at the Doctor's Hospital of Manteca California for a second opinion. *Id.* at 5. The outside doctor agreed with Bodenhamer's proposed ESI treatment. *Id.*

After the outside consult was completed, however, plaintiff received a new prison housing assignment. *Id.* As a consequence of this reassignment, plaintiff was automatically placed under the care of a different medical provider – defendant Mohyuddin. *Id.* at 5-6. In September of 2017, plaintiff was examined by defendant. *Id.* at 6. Plaintiff alleges that, at this examination, defendant "spent a disproportionate amount of time attempting to discern whether plaintiff was attempting to overstate his symptoms . . ." *Id.* Plaintiff claims that defendant adopted a contemptuous attitude toward him during this interaction. *Id.*

Then, in October 2017, plaintiff saw defendant again, this time after returning from an outside consult regarding the proposed ESI treatment. *Id.* at 7. Defendant allegedly tried to dissuade him from pursuing that treatment plan. *Id.* Plaintiff claims that defendant "made no secret of his disdain for epidural injections as treatment for chronic pain . . . ." *Id.* Plaintiff states that defendants' skepticism flies in the face of ESI treatment's documented successes and the fact that it has become routine in treating chronic pain. *Id.* at 8. Plaintiff elaborates on the reasons why he disagrees with Mohyuddin's skepticism of ESI treatments, including plaintiff's belief that Mohyuddin confused the symptoms of acute pain with chronic debilitating pain. *Id.* at 8 (referencing FDA guidelines). He also suggests that Mohyuddin intentionally misrepresented "plaintiff's medical need and the likelihood of success with the EPI injection." *Id.*

3

Finally, plaintiff alleges that the "most troubling" part of his interactions with defendant was the latter's obvious desire to reach a particular medical conclusion. *Id.* at 9. However, the complaint does not state that Mohyuddin actually barred plaintiff's access to such treatment.

B. Analysis

Plaintiff's claims against defendant, as currently pleaded, amount to nothing more than a difference of opinion regarding his treatment. Such disagreement does not give rise to a constitutional claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Nothing in plaintiff's amended complaint indicates that defendant's skepticism of ESI treatment was not grounded in good faith. It may be that defendant was wrong, perhaps his skepticism was so out of step with common medical practice as to be negligent, maybe grossly so. But that is not the standard for deliberate indifference, which instead requires that a defendant "recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *L.W. v. Grubbs*, 92 F.3d 894, 899 (9th Cir. 1996). The state of mind required to show deliberate indifference standard is akin to criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994). The claims here – that defendant was skeptical of ESI treatment, that his medical examinations were weighted toward a particular conclusion, that he attempted to dissuade plaintiff from pursuing ESI treatment – cannot, taken as true and viewed under the most generous interpretation possible, reach that high standard.

C. Leave to Amend

Having determined that this amended complaint fails to state a viable claim, the court must determine whether to grant plaintiff further leave to amend. Given that plaintiff's previous complaint raised at least one colorable claim and that, conceivably, the instant claims could be cured by the allegation of other facts, the court will give plaintiff one opportunity to amend. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

Request for Subpoenas, Motion to Compel, and Summary Judgment Motions

In light of the fact that the operative complaint in this action fails to state a cognizable claim, the court will deny plaintiff's request for subpoenas (ECF No. 24) and motions to compel (ECF Nos. 26 & 27) without prejudice. The court must also deny the motion for summary

4

judgment (ECF No. 31) and motion to "exceed the page length" (ECF No. 28). He may renew these requests when and if the court determines that a subsequent complaint articulates a cognizable claim. For the same reason, the court will stay all deadlines in the discovery and scheduling order (ECF No. 21) until further order of the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's motion to amend (ECF No. 22) is GRANTED;

2. Plaintiff's request for subpoenas (ECF No. 24) is DENIED without prejudice;

3. Plaintiff's motions to compel (ECF Nos. 26 & 27) are DENIED without prejudice;

4. Plaintiff's motion for summary judgment (ECF No. 31) and motion to "exceed the page length" (ECF No. 28) are denied;

5. All deadlines in the discovery and scheduling order (ECF No. 21) are vacated and if plaintiff files an amended complaint which survives screening, a new scheduling order will be entered;

6. Plaintiff's first amended complaint (ECF No. 23) is DISMISSED with leave to amend within 30 days of service of this order; and

7. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: February 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5