UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL LEE THORNBERRY,

Plaintiff,

v.

JAMES CHAU, et al.,

Defendants.

No. 2:18-cv-0094-WBS-EFB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court screened his first complaint and determined that, based on his Eighth Amendment medical deliberate indifference claims, service was appropriate for defendant Adlasghar Mohyuddin. ECF No. 9. On August 27, 2018, plaintiff filed an amended complaint. ECF No. 23. The court screened that complaint and determined that, unlike its predecessor, it failed to state a cognizable claim. ECF No. 36. The court dismissed it with leave to amend. *Id.* Thereafter, plaintiff submitted his second amended complaint (ECF No. 42) which the court must screen.

## Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

A. <u>Background</u>

As before, plaintiff alleges that, in June of 2017, he was examined by physician assistant Diedre Bodenhamer for complaints of pain related to spinal stenosis (and "other related neuropathic pain"). ECF No. 42 at 4-5. Bodenhamer told plaintiff that she had sought to prescribe him more effective pain medication – like Gabapentin or Lyrica – but was denied approval for either medication by the institutional pain management committee ("IPMC"). *Id.* at 5. In lieu of those medications, Bodenhamer suggested using epidural steroid injections as a stopgap until a more permanent pain management plan could be approved by the IPMC. *Id.*

Plaintiff agreed to Bodenhamer's treatment plan. *Id.* at 6.

In September of 2017, plaintiff was re-assigned to defendant Mohyuddin's care due to unidentified "administrative factors." *Id.* at 6-7. Mohyuddin objected to Bodenhamer's treatment plan and claimed that there were alternative methods of treating plaintiff's pain. *Id.* at 7. He rescinded her treatment plan and allegedly implemented only unspecified "methods, procedures, or medications" that had been previously "attempted unsuccessfully." *Id.* at 7-8. When plaintiff complained that Mohyuddin's methods were not alleviating his pain, the latter allegedly stated that "everyone has some form of pain, they just learn to live with it." *Id.* at 8. Based on the foregoing, plaintiff alleges that Mohyuddin deprived him of the only viable treatment option to manage his pain. *Id.* at 8-9.

### B. Analysis

To establish deliberate indifference, a claimant must allege that: (1) he had a serious medical need; and (2) that defendant's response to that need was deliberately indifferent. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). "Prison officials are indifferent to prisoners' serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992). To establish deliberate indifference with respect to a physician's treatment decision, a plaintiff must allege that "the course of treatment the doctors chose was medically unacceptable under the circumstances, and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations and quotation marks omitted). Mere differences of medical opinion are insufficient to establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("At most, Sanchez has raised a difference of medical opinion regarding his treatment. A difference of opinion does not amount to a deliberate indifference to Sanchez' serious medical needs.").

The essence of plaintiff's claim is, as noted *supra*, that defendant Mohyuddin declined to follow Bodenhamer's treatment plan and give plaintiff steroid injections to manage his pain.

/////

/////

3

Plaintiff has failed to allege facts which, taken as true, establish that Mohyuddin acted with deliberate indifference to plaintiff's medical needs. Documents attached[1] to the amended complaint indicate that Mohyuddin did not believe the injections would provide more than a "paltry"[2] benefit to plaintiff. ECF No. 42 at 25. He also believed there to be a "finite risk" associated with the procedure. *Id.* As before, nothing in plaintiff's complaint indicates that Mohyuddin was insincere in articulating these medical judgments.[3]

Plaintiff does allege that Mohyuddin "interfered" with the medical treatment prescribed by Bodenhamer. *Id.* at 9. The complaint itself refutes plaintiff's claim of interference. Plaintiff does not dispute that he was transferred into Mohyuddin's care. *Id.* at 6-7. It logically follows that, upon the transfer, Mohyuddin – not Bodenhamer - was responsible for plaintiff's healthcare. Part of that responsibility is the exercise of independent medical judgment. Mohyuddin had no legal obligation to follow Bodenhamer's plan if he sincerely believed that it would not be effective. Implicit in the interference argument is the proposition that, once Bodenhamer prescribed a certain treatment, plaintiff was vested with some legal entitlement to the same. But it has long been held that, while inmates have a right to constitutionally adequate medical care, they do not have any right to choice of treatment. *See*, *e.g.*, *Forbes v. Edgar*, 112 F.3d 262, 267

---

[1] *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (a court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters that can be judicially noticed under Fed. R. Evid. 201).

[2] Plaintiff asserts that Mohyuddin never ordered diagnostic testing to confirm his conclusion that the injections would not have a significant effect. ECF No. 42 at 8. But this is insufficient to establish deliberate indifference. Plaintiff's implicit supposition that diagnostic testing would have contradicted Mohyuddin's conclusion is purely speculative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). Moreover, nothing in the complaint indicates that Mohyuddin's failure to order diagnostic testing – assuming such testing was medically appropriate – was an omission of deliberate indifference rather than negligence.

[3] It is possible, as plaintiff obviously believes, that these judgments were incorrect. However, malpractice or negligence is insufficient to support a medical deliberate indifference claim. *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) ("Before it can be said that a prisoner's civil rights have been abridged, however, the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."). Crucially, there is no allegation that Mohyuddin *knew* that his judgments were wrong, if indeed, they were.

4

(7th Cir. 1997) ("[The plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her.").

Plaintiff also contends that Mohyuddin had no plan of his own to replace Bodenhamer's prescribed injections. ECF No. 42 at 8. This contention is refuted by the documents attached to the complaint. Therein, Mohyuddin writes that he educated plaintiff "at some length" about back stretches which would "gradually help start training the muscles to remain [in] a more relaxed state," thereby reducing spasms and decreasing "impingement on the nerve root." *Id.* at 24-25. Again, plaintiff may disagree with this course of treatment or harbor doubts about its efficacy, but those concerns do not render it deliberately indifferent.

Finally, plaintiff points to Mohyuddin's alleged statement that "everyone has some form of pain, they just learn to live with it" as evidence of his deliberate indifference. *Id.* at 8. But medical treatment, both within and without of prison, does not guarantee a pain-free life. *See Oden v. Cambra*, C 97-3898-SI, 1999 U.S. Dist. LEXIS 4233, at *11 (N.D. Cal. Mar. 30, 1999) ("doctors (inside and outside of prisons) are not guarantors of pain-free living for their patients. There may be conditions . . . that will result in some pain regardless of what a doctor does"); *Villegas v. Cate*, 1:10-cv1916-AWI-SKO, 2012 U.S. Dist. LEXIS 171, at *8 (E.D. Cal. Jan. 3, 2012) ("There are certain medical conditions with no end-cure and for which it is impossible to achieve a pain-free or symptom-free status."). And nothing in the complaint supports interpreting Mohyuddin's statement as an indication that he knew of safe, effective methods for lessening plaintiff's pain and chose not to implement them. To the contrary, the most natural reading of the statement is as an acknowledgement of the limits of medical practice – that, for many conditions, panaceas do not exist.

For all of the foregoing reasons, the court concludes that plaintiff has failed to state a cognizable claim for medical deliberate indifference against defendant Mohyuddin.

C. Leave to Amend

The court finds that, having already afforded plaintiff an opportunity to amend, it will not grant him further leave to do so. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10

(9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend."). Accordingly, it is recommend that this action be dismissed without leave to amend.

III. Conclusion

Accordingly, it is RECOMMENDED that plaintiff's second amended complaint (ECF No. 42) be DISMISSED without leave to amend for failure to state a cognizable claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE